Jonah A. Grossbardt (State Bar No. 283584)
**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
10250 Constellation Boulevard
Suite 100
Los Angeles, CA  90067
323.364.6565 – Telephone
561.404.4353 – Facsimile
jonah.grossbardt@sriplaw.com

Attorneys for Plaintiff
BLAINE HARRINGTON III

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAINE HARRINGTON III,<br><br>Plaintiff,<br><br>v.<br><br>INTEX Program, LLC,<br><br>Defendant. | CASE NO.:  2:18-cv-00028<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**Demand for Jury Trial** |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff BLAINE HARRINGTON III by and through his undersigned counsel, brings this Complaint against Defendant INTEX PROGRAM, LLC for damages and injunctive relief, and in support thereof states as follows:

1

## SUMMARY OF THE ACTION

1. Plaintiff BLAINE HARRINGTON III ("Harrington"), brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Harrington's original copyrighted works of authorship.

2. Blaine Harrington is a travel/location photographer, based in Denver, Colorado. He is the 2005 and 2006 SATW Travel Photographer of the Year. He has worked on assignment for most major news, business, travel and inflight magazines. With over forty years in business, including working in Amsterdam, New York, Paris and Zurich, Harrington has expert knowledge of Europe, as well as most regions of the world.

3. Defendant INTEX PROGRAM, LLC ("Intex") is an international student exchange organization.

4. Harrington alleges that INTEX Program, LLC copied Harrington's copyrighted work from the internet in order to advertise, market and promote its business activities. Intex committed the violations alleged in connection with Intex's business for purposes of advertising and promoting sales to the public in the course and scope of Intex's business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

2

1  7.  Defendant is subject to personal jurisdiction in California.

2  8.  Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

## DEFENDANT

9.  INTEX Program, LLC is a California limited liability corporation with its principal place of business at 1801 Morgan Lane, Redondo Beach, California, 90278, and can be served by serving its Registered Agent, Hafed Ikhlef, 1206 South Alta Vista Avenue, Apartment 12, Monrovia, CA 91016.

## THE COPYRIGHTED WORK AT ISSUE

10.  Harrington created a photograph which is shown below and referred to herein as the "Work".



11. Harrington registered the Work with the Register of Copyrights on March 5, 2013 and was assigned the registration number VAu 1-132-209. The Certificate of Registration is attached hereto as Exhibit 1.

12. At all relevant times Harrington was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANT

13. Intex has never been licensed to use the Work at issue in this action for any purpose.

14. On a date after the Work at issue in this action was created, but prior to the filing of this action, Intex copied the Work.

15. Intex copied Harrington's copyrighted Work without Harrington's permission.

16. After Intex copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its international student exchange program.

17. Intex copied and distributed Harrington's copyrighted Work in connection with Intex's business for purposes of advertising and promoting Intex's business, and in the course and scope of advertising and selling products and services.

18. Harrington's works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

19. Intex committed copyright infringement of the Work as evidenced by Exhibit 2.

20. Harrington never gave Intex permission or authority to copy, distribute or display the Work at issue in this case.

21. Harrington notified Intex of the allegations set forth herein on July 14, 2016.  To date, the parties have failed to resolve this matter.  A copy of the Notice to Intex is attached hereto as Exhibit 3.

22. Plaintiff has engaged the undersigned attorneys and has agreed to pay them a reasonable fee.

## COUNT I
## COPYRIGHT INFRINGEMENT

23. Plaintiff incorporates the allegations of paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. Harrington owns a valid copyright in the Work at issue in this case.

25. Harrington registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

26. Intex copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Harrington's authorization in violation of 17 U.S.C. § 501.

27. Intex performed the acts alleged in the course and scope of its business activities.

28. Harrington has been damaged.

29. The harm caused to Harrington has been irreparable.

WHEREFORE, the Plaintiff prays for judgment against the Defendant Intex that:

a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendant be required to pay Plaintiff his actual damages and Defendant's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504.

c. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon; and

d. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: January 2, 2018            */s/ Jonah A. Grossbardt*
                                  JONAH A. GROSSBARDT
                                  **SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
                                  Attorneys for Plaintiff Blaine Harrington III